1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

UNITED STATES OF AMERICA,

10

Plaintiff,

No.  2:20-cv-1736

11

v.

12

DEBRA  HESLOP,

**COMPLAINT**

13

14

Defendant.

15

Plaintiff, the United States of America, by and through its undersigned attorneys, brings

16

this complaint against Defendant DEBRA HESLOP, and alleges the following:

17

**I. NATURE OF THIS ACTION**

18

1.       Starting as early as July 2016 and continuing to the present, Defendant has

19

conducted financial transactions with large sums of illegally obtained money, knowing that her

20

transactions are designed to conceal the nature, source, location, ownership, and control of

21

proceeds.  Defendant's conduct includes knowingly receiving money obtained via fraud and

22

then immediately transmitting the same money to accomplices.  Defendant has transmitted

23

money to and from accomplices in Nigeria, South Africa, and the United States.

COMPLAINT - 1
Case No. 2:20-cv-1736

2.      The United States seeks to prevent continuing and substantial injury to the

United States and victims by bringing this action for a permanent injunction and other equitable

relief under 18 U.S.C. § 1345.  The United States seeks to enjoin the ongoing commission of

banking law violations as defined in 18 U.S.C. § 3322(d), including money laundering in

violation of 18 U.S.C. § 1956(a)(1)(B), international money laundering in violation of 18

U.S.C. § 1956(a)(2)(B), and structuring cash transactions to evade transaction reporting

requirements in violation of 31 U.S.C. § 5324(a).

## II. JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action under 18 U.S.C. § 1345 and 28

U.S.C. §§ 1331 and 1345.

4.      The United States District Court for the Western District of Washington is a

proper venue for this action under 28 U.S.C. § 1391(b)(1) & (b)(2) because Defendant is a

resident of this District and because a substantial part of the events or omissions giving rise to

this Complaint occurred in this District.

## III. PARTIES

5.      Plaintiff is the United States.

6.      Defendant Debra Heslop is a resident of this District, residing in Renton,

Washington.  In connection with the matters alleged herein, Defendant transacts and has

transacted business in this District.

## IV. FACTS

### A.  Defendant's Ongoing Banking Law Violations

7.      Defendant conducts financial transactions to benefit one or more international

fraud schemes, knowing that the moneys she receives and transmits are obtained fraudulently,

COMPLAINT - 2
Case No. 2:20-cv-1736

knowing that her transactions are designed to conceal the schemes, and structuring her cash transactions in an effort to prevent the filing of required financial transaction reports. Defendant receives financial compensation for this conduct, by transmitting to an accomplice slightly smaller amounts than she receives and keeping the difference for herself.

### *(1)* **Money laundering and international money laundering**

8.      Beginning at least as early as 2016, Defendant has knowingly and willingly accepted hundreds of thousands of dollars from multiple sources and then transmitted most of that money to accomplices, including to locations outside the United States, such as Nigeria or South Africa.

9.      Defendant became a victim of different internet fraud schemes in 2013 and 2014. After that time period, she began accepting money orders and other deposits from a variety of sources and then transferring much of that money to other individuals outside the United States, through money orders and other financial transactions.

10.      Between 2016 and 2017, U.S. Bank reported that Defendant received multiple deposits from numerous out-of-state sources that had no identifiable relationship with the Defendant and then Defendant would make rapid cash or wire transfer withdrawals to different individuals in the United States, South Africa, and Nigeria. The total amount involved was approximately $70,360. U.S. Bank closed Defendant's account in April 2017.

11.      Between June 2016 and August 2016, Defendant loaded approximately $19,770 on Reloadit and other prepaid credit cards. Those funds were then withdrawn across multiple ATM locations in South Africa.

12.      Between October 13, 2017 and March 20, 2018, Defendant made a total of 19 wire transfers from two different Walmart locations in Renton and Bellevue. These transfers totaled approximately $30,544 to a variety of payees in the United States. The average

COMPLAINT - 3
Case No. 2:20-cv-1736

transaction amount was approximately $1,607 and appeared to be designed to avoid the $3,000 Bank Secrecy Act recordkeeping threshold.

13.     Between November 19, 2018 and February 27, 2019, Defendant made a series of rapid movement transactions involving her Wells Fargo checking account, using cashier check deposits, peer-to-peer credits, domestic wire transfers followed by cash withdrawals, outgoing wire transfers, and international debit card withdrawals, involving a total of approximately $27,685.

14.     Between May 20, 2019 and May 31, 2019, Defendant caused two wire transfers in the amount of $4,000 and $4,500 to be made to another person known to be involved with certain internet fraud schemes.

15.     Between July 1, 2019 and August 8, 2019, Defendant's JP Morgan Chase account received multiple electronic wire transfers from suspicious sources for a total of approximately $189,377.   During this same period, multiple electronic withdrawals were made from the same account for a total of $185,992.76 to multiple different beneficiaries with no identifiable relationship to Defendant.

16.     On or about October 25, 2019, SunTrust Bank reported that Defendant had an unauthorized electronic ACH transfer credited for approximately $416,227.   SunTrust closed Defendant's account because of the suspicious nature of the activity.

17.     Between February 27, 2020 and May 29, 2020, Defendant received a number of wire transfers. Following these credits, 49 cash withdrawals were made from Defendant's account for a total of approximately $11,115.   The withdrawals ranged in amounts from $20 to $1,005 and were conducted at Wells Fargo ATM and branch locations in Connecticut and non-

COMPLAINT - 4
Case No. 2:20-cv-1736

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    Wells Fargo ATM locations in South Africa. There were 28 additional debit card withdrawals

2    for a total of approximately $21,027 through WorldRemit transfers.

3        *(2)* **Structuring**

4        18.    Defendant engaged in conduct designed to cause domestic financial institutions

5    to fail to file a report required under 31 U.S.C. § 5313(a), and the regulations promulgated

6    thereunder. Defendant repeatedly caused and attempted to cause her cash withdrawals, and

7    those of her relative, to be structured in amounts designed to avoid this transaction reporting

8    requirement.

9        19.    Defendant repeatedly sent a high volume of structured wire transfers. For

10   example, between April 26, 2020, and May 19, 2020, Defendant purchased eight different

11   money orders from Western Union at a Fred Meyer location in Renton, Washington, each one

12   for a total of $4,500 in order to structure the payments and avoid reporting requirements.

13       20.    For further example, between October 13, 2017 and March 20, 2018, Defendant

14   made 19 wire transfers from two different Walmart locations in Renton and Bellevue for a total

15   of approximately $30,544; the average transaction amount was approximately $1,607.

16   **B. Defendant's Knowledge of Fraud; Intent to Conceal the Nature, Source, Location, Ownership, or Control of Proceeds; and Intent to Evade Transaction Reporting**

17   **Requirements**

18       21.    On information and belief, Defendant has engaged in the financial transactions

19   alleged in Paragraphs 7 through 20 with the knowledge that the moneys she receives from and

20   transmits to accomplices are obtained by fraud schemes or other specified unlawful activity.

21       22.    On information and belief, Defendant has engaged in the financial transactions

22   alleged in Paragraphs 7 through 20 with the intent to conceal the nature, source, location,

23   ownership, or control of proceeds.

COMPLAINT - 5
Case No. 2:20-cv-1736

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

23.     On information and belief, Defendant has engaged in the financial transactions alleged in Paragraphs 18 through 20 with the intent to evade transaction reporting requirements.

### C. Harm to the United States

24.     The United States is suffering continuing and substantial injury from Defendant's banking law violations.

25.     Defendant is continuing to facilitate her banking law violations. Absent injunctive relief by this Court, Defendant will continue to cause continuing and substantial injury to the United States and victims.

### COUNT I
### (18 U.S.C. § 1345 – Injunctive Relief)

26.     The United States re-alleges and incorporates by reference Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

27.     By reason of the conduct described herein, Defendant has committed, is committing, and is about to commit banking law violations as defined in 18 U.S.C. § 3322(d), including money laundering with intent to conceal in violation of 18 U.S.C. § 1956(a)(1)(B)(i), money laundering with intent to evade transaction reporting requirements in violation of 18 U.S.C. § 1956(a)(1)(B)(ii), international money laundering with intent to conceal in violation of 18 U.S.C. § 1956(a)(2)(B)(i), international money laundering with intent to evade transaction reporting requirements in violation of 18 U.S.C. § 1956(a)(2)(B)(ii), and structuring cash transactions to evade transaction reporting requirements in violation of 31 U.S.C. § 5324.

28.     Because Defendant is committing or about to commit banking law violations as defined in 18 U.S.C. § 3322(d), the United States is entitled, under 18 U.S.C. § 1345, to seek a permanent injunction restraining all future banking law violations and any other action that this Court deems just to prevent a continuing and substantial injury to the United States.

COMPLAINT - 6
Case No. 2:20-cv-1736

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
(206) 553-7970

1    29.    As a result of the foregoing, Defendant's conduct should be enjoined pursuant to

2  18 U.S.C. § 1345.

3                          **VI. PRAYER FOR RELIEF**

4        WHEREFORE, Plaintiff, United States of America, requests of the Court the following

5  relief:

6        A.    That the Court issue a permanent injunction, pursuant to 18 U.S.C. § 1345,

7  ordering that Defendant is restrained from engaging, participating, or assisting in money

8  laundering, international money laundering, structuring transactions to evade transaction

9  reporting requirements, and any money transmitting business; and

10        B.    That the Court order such other and further relief as the Court shall deem just

11  and proper.

12

13        Respectfully submitted this 24th day of November, 2020.

14                                    BRIAN T. MORAN
                                      United States Attorney
15
                                      *s/ Nickolas Bohl*
16                                    NICKOLAS BOHL, WSBA #48978
                                      Assistant United States Attorney
17                                    United States Attorney's Office
                                      700 Stewart Street, Suite 5220
18                                    Seattle, Washington 98101-1271
                                      Phone:  206-553-7970
19                                    Fax:     206-553-4067
                                      Email:  nickolas.bohl@usdoj.gov
20
                                      Counsel for United States of America
21

22

23

COMPLAINT - 7                                              UNITED STATES ATTORNEY
Case No. 2:20-cv-1736                                      700 Stewart Street, Suite 5220
                                                           Seattle, Washington 98101-1271
                                                           (206) 553-7970

1          CERTIFICATE OF SERVICE

2          The undersigned hereby certifies that she is an employee in the Office of the United

3   States Attorney for the Western District of Washington and is the person of such age and

4   discretion as to be competent to serve papers;

5          It is further certified that on this day, I mailed by United States Postal Service said

6   pleading to Defendant, addressed as follows:

7          Debra Heslop
           774 Queen Ave. NE
8          Renton, WA 98056-3871

9          Dated this 24th day of November, 2020.

10

11                                          Julene Delo, Legal Assistant
                                            United States Attorney's Office
12                                          700 Stewart St., Ste. 5220
                                            Seattle, WA 98101
13                                          Phone: 253-428-3800
                                            Fax: 253-428-3826
14                                          E-mail: julene.delo@usdoj.gov

15

16

17

18

19

20

21

22

23

COMPLAINT - 8                                    UNITED STATES ATTORNEY
Case No. 2:20-cv-1736                            700 Stewart Street, Suite 5220
                                                 Seattle, Washington 98101-1271
                                                 (206) 553-7970

JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

**DEFENDANTS**

DEBRA HESLOP

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   King
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AUSA Nickolas Bohl, United States Attorney's Office
700 Stewart Street, Suite 5220, Seattle, WA 98101,
206-553-7970

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [x] 1   U.S. Government
  Plaintiff
- [ ] 3   Federal Question
  *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government
  Defendant
- [ ] 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | Liability | [ ] 368 Asbestos Personal Injury Product | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine | Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | [ ] 360 Other Personal | [ ] 380 Other Personal Property Damage | Relations | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [x] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 1345

Brief description of cause:
Injunction for structuring, money laundering, fraud

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   [ ] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
11/24/2020

SIGNATURE OF ATTORNEY OF RECORD
s/ Nickolas Bohl

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

1

2

3

4

5

6       UNITED STATES DISTRICT COURT FOR THE
        WESTERN DISTRICT OF WASHINGTON
7                    AT SEATTLE

8    UNITED STATES OF AMERICA,            NO. _____

9                        Plaintiff,

             v.                           **[PROPOSED] CONSENT DECREE AND**
10                                        **FINAL JUDGMENT**

11   DEBRA HESLOP

                         Defendant.
12

13                **CONSENT DECREE AND FINAL JUDGMENT**

14       Plaintiff, United States of America ("Plaintiff"), commenced the above-captioned action in

15   this Court with a complaint pursuant to 18 U.S.C. § 1345, alleging that Defendant, Debra

16   Heslop, is committing or about to commit a banking law violation as defined in 18 U.S.C.

17   § 3322(d), including international money laundering in violation of 18 U.S.C. § 1956(a)(2)(B).

18       Plaintiff and Defendant, *pro se*, wish to resolve Plaintiff's allegations without litigation and

19   jointly request and consent to the entry of this Consent Decree and Final Judgment ("Consent

20   Decree") without Defendant's admission of liability or wrongdoing.  Defendant agrees to waive

21   service of the Summons and the Complaint.

22

23

[PROPOSED] CONSENT DECREE
AND FINAL JUDGMENT - 1
No. _____

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Defendant has entered into this Consent Decree freely and without coercion.  Defendant

2   further acknowledges that she has read the provisions of this Consent Decree, understands them,

3   and is prepared to abide by them.

4   **IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:**

5      1.      This Court has jurisdiction over this matter and the parties pursuant to

6   18 U.S.C. § 1345 and 28 U.S.C. §§ 1331 and 1345.  Venue is proper in this District under

7   28 U.S.C. § 1391(b) and (c).

8      2.      Defendant neither admits nor denies the allegations in the Complaint.  Only for

9   purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

10     3.      For purposes of this Consent Decree:

11         a.      "Defendant" means Debra Heslop.

12         b.      "Person" means an individual, a corporation, a partnership, or any other

13   entity.

14         c.      "Funds" include any currency, check, money order, stored value card,

15   stored value card numbers, bank wire transmission, or other monetary value.

16         d.      "Money transmitting business" refers to a person who, for a fee, receives

17   funds from one person for the purpose of transmitting the funds, or providing access to the

18   funds, to another person.

19         e.      "Fee" refers to a payment or compensation of any kind regardless of how

20   the payment or compensation is labeled, including but not limited to processing fees,

21   service fees, expediting fees, purchase fees, nominal fees, symbolic payments, gifts and

22   gratuities.

23

[PROPOSED] CONSENT DECREE
AND FINAL JUDGMENT - 2
No. _____

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       4.      Upon entry of this Decree, Defendant is permanently prohibited and enjoined

2   from, directly or indirectly, assisting, facilitating, or participating in any money transmitting

3   business.

4       5.      Within five (5) days after entry of this Consent Decree, the Defendant is ordered

5   to submit to Postal Inspector Amy Kerkof a written acknowledgement of receipt of this Consent

6   Decree sworn under penalty of perjury.  The statement shall be addressed to:

7           U.S. Postal Inspector Amy Kerkof
        U.S. Postal Inspection Service

8           P.O. Box 400
        Seattle, WA 98111

9           206-442-6132 (desk)

10      6.      The Consent Decree shall not be modified except in writing by Plaintiff and the

11  Defendant and approved by the Court.

12      7.      This Consent Decree shall constitute a final judgment and order in this action.

13      8.      This Court retains jurisdiction of this action for the purpose of enforcing or

14  modifying this Consent Decree and for the purpose of granting such additional relief as may be

15  necessary or appropriate.

16

17      **DONE AND ORDERED** in Chambers at Seattle, Washington, this \_\_\_\_\_ day of

18  _____, 2020.

19

20

21

22

23

[PROPOSED] CONSENT DECREE
AND FINAL JUDGMENT - 3
No. _____

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    **APPROVED AND ENTERED BY THIS COURT**

2      Dated this ____ day of _____, 2020.

3

                                  _____

                                    HONORABLE _____

4                                      United States District Judge

5   We hereby consent to the entry of the foregoing Decree:

6

                                    **FOR DEFENDANT DEBRA HESLOP**

7

8      Dated: ___*Nov 5*___, 2020         _____

                                     DEBRA HESLOP

9

10

                                    **FOR PLAINTIFF THE UNITED STATES OF**

11                                     **AMERICA**

12                                     BRIAN MORAN

                                    United States Attorney

13

     Dated: _November 24_, 2020     By: _s/ Nickolas Bohl_____

14                                     NICKOLAS BOHL, WA #48978

                                    Assistant United States Attorney

15                                     United States Attorney's Office

                                    700 Stewart Street, Suite 5220

16                                     Seattle, Washington 98101-1271

                                    Phone: 206-553-7970

17                                     Fax:     206-553-4067

                                    Email: nickolas.bohl@usdoj.gov

18

19

20

21

22

23